**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01543-REB-KMT

LUCKEN FAMILY LIMITED PARTNERSHIP, LLP, individually and as representative plaintiff on behalf of all other similarly situated,

    Plaintiff,

v.

ULTRA RESOURCES, INC.,

    Defendant.

**ORDER RE: MOTION FOR CLARIFICATION**

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Clarification of REB Civ. Practice Standards V.A.1. and V.B.1., or, in the Alternative, Leave to Exceed the Fifteen Page Limitation Specified in REB Civ. Practice Standard V.B.1.** [#34] filed December 15, 2009.  I grant the motion for clarification and deny the motion to exceed the page limitation.

Plaintiff's reading of the interplay between D.C.COLO.LCivR 7.1C. and my civil practice standards can be described as strained, at best.  REB Civ. Practice Standard V.A.1. deals with the time and manner in which motions not otherwise addressed by the Local Rule are to be "marshaled and determined."  The Local Rule, i.e., D.C.COLO.LCivR 7.1C., prescribes deadlines for the filing of responses and replies to any motion, and REB Civ. Practice Standard V.A.1. incorporates such deadlines.  The practice standard is meant to more inclusive than the Local Rule, which does not

expressly cover, *inter alia*, motions in limine and motions presenting only contested issues of fact.  It is not intended, and cannot fairly be read, to exclude all other types of motions from the purview of the court's page limitations as set forth in REB Civ. Practice Standard V.B.1.  Indeed, REB Civ. Practice Standard V.B.1. expressly states that, with the exception of motions for summary judgment, which are addressed separately, it shall apply to "all other motions."  Plaintiff's reading would effectively negate the page limitations for most types of motions that are presented to the court for resolution.  As thus clarified, I conclude that my civil practice standards do not permit plaintiff to file a brief of more than 15 pages.

Perhaps anticipating my incredulity at its argument, plaintiff has moved in the alternative for leave to exceed the page limitations.  I am loathe to allow deviations from my practice standard prescribing page limitations, especially when, as here, plaintiff submitted a motion while laboring under the mistaken impression that no page limitation applied and has made no effort to confine its arguments to the reasonable page limitations set forth in the practice standards.  Until plaintiff has made such an effort, I am unpersuaded by its insistence that the class nature of the litigation and the unspecified "background issues specific to the natural gas industry" require more than twice the allowed pages.[1]  Accordingly, I will strike the noncomplying motion and brief.

---

[1] I remind plaintiff that REB Civ. Practice Standard V.B.1. specifically requires that "[m]otions and briefs **shall be combined**" (emphasis added), and further, that the page limitations include all matters other than the certificate of service.  I would note for plaintiff's benefit that the court does not require a table of contents and table of authorities, thus, automatically returning six pages to plaintiff.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Clarification of REB Civ. Practice Standards V.A.1. and V.B.1., or, in the Alternative, Leave to Exceed the Fifteen Page Limitation Specified in REB Civ. Practice Standard V.B.1.** [#34] filed December 15, 2009, is **GRANTED IN PART** and **DENIED IN PART**:

    a. That the motion is **GRANTED** insofar as it seeks clarification of my civil practice standards; and

    b. That the motion is **DENIED** insofar as it seeks leave to exceed the page limitations of REB Civ. Practice Standard V.B.1.; and

2. That pursuant to REB Civ. Practice Standard V.C.1., **Plaintiff's Motion for Class Certification** [#35] filed December 15, 2009, and **Memorandum in Support of Plaintiff's Motion for Class Certification** [#36] filed December 15, 2009, are **STRICKEN** for failure to comply with REB Civ. Practice Standard V.B.1.

Dated December 17, 2009, at Denver, Colorado.

                        **BY THE COURT:**

                        Robert E. Blackburn
                        United States District Judge