**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE ROBERT E. BLACKBURN**

Civil Case No.:      09-cv-01543-REB-KMT

LUCKEN FAMILY LIMITED PARTNERSHIP, LLLP, individually and
as representative plaintiff on behalf of all others similarly situated,

      Plaintiff,

v.

ULTRA RESOURCES, INC.,

      Defendant.

_____

**STIPULATION AND PROTECTIVE ORDER**
_____

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of

Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

1.      Definitions:  For purposes of this Protective Order the following capitalized terms

shall have the meanings indicated:

      a.      "Counsel" shall mean the law firms which are counsel of record for the

respective parties in this matter including their regularly employed staff who are authorized to

receive information in connection with their work relating to this matter.

      b.      "Confidential Information" means any document, file, portions of files,

transcribed testimony, or response to a discovery request, including any extract, abstract, chart,

summary, note, or copy made therefrom- not made available to the public- and designated by one of

the Parties or any third-party in the manner provided in paragraph 3 below as containing:

confidential or proprietary commercial information, including records of payments to individual

royalty owners, plant settlement statements, gas plant accounting and allocation information, and

gas and NGL processing and sales information. Such material shall be designated as "Confidential"

only after having been reviewed by an attorney and determined to be Confidential based upon a

good faith belief that such material is Confidential or otherwise entitled to protection. This

Protective Order covers Confidential Information produced either by named Parties or by third-

parties who are not a party to this litigation.

     c.  "Highly Confidential Information" includes, and is limited to, the pricing

provisions of any gas processing contract, gathering or other services contracts entered by

Defendant, Ultra Resources, Inc. ("Ultra").  Ultra believes and contends such information is highly

sensitive business information and that Ultra would be materially harmed if the information were to

become available to the companies who compete for the provision of such services to Ultra or who

compete with Ultra for the acquisition of such services. This Protective Order covers Highly

Confidential Information produced either by named Parties or by third-parties who are not a party

to this litigation.   It is anticipated that this designation will be used sparingly.

   2.  In this action, at least one of the Parties has sought and/or is seeking Confidential

Information or Highly Confidential Information from other Parties or from third-parties who are not

parties to this litigation. The Parties also anticipate seeking additional Confidential Information or

Highly Confidential Information during discovery and that there will be questioning concerning

Confidential Information or Highly Confidential Information in the course of depositions. The

Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' or third-party witnesses' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information or Highly Confidential Information except as set forth herein.

3.      Where Confidential Information or Highly Confidential Information is produced, provided or otherwise disclosed by a Party or third-party in response to any discovery request, it will be designated in the following manner:

(a)      By imprinting the word "Confidential" or "Highly Confidential" on the first page or cover of any document produced;

(b)      By imprinting the word "Confidential" or "Highly Confidential" next to or above any response to a discovery request; and

(c)      With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Highly Confidential" no later than ten calendar days after receipt of the transcribed testimony.

This designation may be applied to documents produced prior to this Stipulation by written notice to the receiving party.

4.      All Confidential Information provided by a Party or third-party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

(a)      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

3

(b)     It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5.     In addition to the restrictions set forth in Paragraph 5 above, "Highly Confidential Information" shall be subject to the following restrictions:

(a)     That information shall be available for review only by Counsel, the parties, and the parties' respective experts unless otherwise agreed to in writing by the parties or allowed by court order.  This limitation on disclosure shall not in any way be deemed to preclude the parties' use of Highly Confidential Information in this case in accordance with the other provisions of this Protective Order, including the use of Highly Confidential Information in depositions, court filings, trial, or other proceedings in this case.

6.     Individuals authorized to review Confidential Information or Highly Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge the Confidential or Highly Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7.     The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8.      During the pendency of this action, opposing counsel or producing third-party counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 7 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel or third-party counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's or third-party counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriated by the Court.

9.      No copies of Confidential Information or Highly Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

10.     During the pendency of this litigation, counsel shall retain custody of Confidential Information and Highly Confidential Information, except for copies thereof that have been (a) submitted as exhibits to/for depositions, court filings, trial proceedings, or other proceedings in this case, or (b) provided to persons who are authorized to review Confidential Information or Highly Confidential Information under this Protective Order.

11.     A party may object to the designation of particular Confidential or Highly Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within 14 calendar days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential or Highly Confidential to file an appropriate motion requesting the court determine whether the disputed information should be

5

subject to the terms of this Protective Order. If such a motion is timely filed, the disputed

information shall be treated as Confidential or Highly Confidential under the terms of this

Protective Order until the court rules on the motion. If the designating party fails to file such a

motion within the prescribed time, the disputed information shall lose its designation as

Confidential or Highly Confidential and shall not thereafter be treated as Confidential or Highly

Confidential in accordance with this Protective Order. In connection with a motion filed under this

provision, the party designating the information as Confidential or Highly Confidential shall bear

the burden of establishing that good cause exists for the disputed information to be treated as

Confidential or Highly Confidential.

12.      Pleadings, briefs and exhibits thereto quoting or discussing Confidential

Information or Highly Confidential Information will not be accepted for filing "under seal" or

otherwise kept out of the public record in this action except by court order issued upon motion of

the party seeking to require the filing of the documents under seal. Any motion seeking to allow the

filing of documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and

7.3 and demonstrate that the Confidential Information or Highly Confidential Information at issue is

entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435

U.S. 589, 598-602 (1978) (applied in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985)

and *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)). In the event that any

Confidential or Highly Confidential Information is sought to be used in any Court filing or

proceeding in this action or any appeal there from, counsel intending to use such information shall

confer in good faith with opposing counsel on such procedures as are necessary to protect the

confidentiality of any such material and to provide an opportunity to the producing party to file a motion to seal if appropriate prior to any disclosure of such information.

13.     In the event Confidential Information or Highly Confidential Information is used in any court filing in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.

14.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information or Highly Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

15.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16.     Upon termination of this litigation, including any appeals, each Party's counsel shall either destroy via shredding or return to the producing party, including any third-party, all Confidential Information and Highly Confidential Information provided by the producing party or third-party, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. If such documents have been destroyed instead of returned, counsel shall provide written confirmation of same to counsel for the producing party or third-party.  After the documents have been destroyed or returned, counsel shall file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 7 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information or Highly Confidential Information has been destroyed.

17.     Nothing in this Protective Order shall preclude any Party or third-party from filing a

motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules

of Civil Procedure, or from filing a motion with respect to the manner in which Confidential

Information or Highly Confidential Information shall be treated at trial.


DATED at Denver, Colorado, this 22nd day of February, 2010.

BY THE COURT:

s/ Kathleen M. Tafoya

_____

KATHLEEN M. TAFOYA
UNITED STATES MAGISTRATE JUDGE


STIPULATED AND AGREED BY:


**/s/ Michael J. Gallagher**
Counsel for Defendant


**/s/ Patrick M. Groom**
Counsel for Plaintiff