IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 09-cv-01543-REB-KMT

LUCKEN FAMILY LIMITED PARTNERSHIP, LLLP, individually and as representative plaintiff on behalf of all others similarly situated,

    Plaintiff,

v.

ULTRA RESOURCES, INC.,

    Defendant.

## ORDER GRANTING CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS SETTLEMENT

**Blackburn, J.**

This matter comes before the court on **Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement and Certification of a Settlement Class** [#68], filed June 23, 2010. Having reviewed and considered the motion, the memorandum in support of the motion, the Settlement Agreement, the proposed Settlement Notice, the Notice to federal and state authorities required by the Class Action Fairness Act of 2005, 28 U.S.C. §1751, and the pertinent portions of the entire record in this litigation to date, I grant the motion, certify the proposed Settlement Classes, grant preliminary approval of the settlement, and set this matter for a fairness hearing.

## I. BACKGROUND

On June 30, 2009, plaintiff Lucken Family Limited Partnership, LLLP, filed a class action complaint against Ultra Resources, Inc., alleging that defendant was not in compliance with certain disclosure provisions and royalty calculation requirements of the Wyoming Royalty Payment Act, W.S. § 30-5-301, *et seq.* More specifically, plaintiff alleged that defendant (1) failed to properly inform royalty holders of all deductions it applied in calculating its royalty payments, in violation of W.S. § 30-5-305(b); and (2) impermissibly decreased the amount of royalties it paid to certain royalty owners by shifting to the royalty owners the "costs of production" that defendant was supposed to bear, in violation of W.S. § 30-5-304(a).

Since the commencement of this case, counsel for the parties have exchanged significant amounts of information for the purpose of clarifying the factual and legal issues, including class certification and the merits of plaintiff's claims. The attorneys engaged in numerous discussions regarding the litigation and the possibility of a class settlement, including two mediation sessions before former Judge Richard Dana on March 10 and April 26, 2010. On May 12, 2010, the parties filed a joint notice informing the court that they had reached agreement on the material terms of a settlement. The court granted the parties' request to stay the case to allow them to submit a motion for preliminary approval of the settlement and for class certification for settlement purposes. The terms of the proposed settlement are set forth in the Settlement Agreement, attached to plaintiff's motion as Exhibit 1.

## II. SETTLEMENT CLASS CERTIFICATION

The agreement resolves the claims of two proposed classes of plaintiffs: a Reporting Class and an Underpayment Class. The Reporting Class asserted claims against defendant for its alleged failure to comply with the reporting requirements of W.S. § 30-5-305(b), and is defined as follows:

> "Reporting Class" means all individuals and entities to whom Ultra has paid since January 1, 2000, or currently is paying overriding royalties on Natural Gas produced by Ultra from the Pinedale Field in Sublette County, Wyoming, according to the business records maintained by Ultra. The Reporting Class excludes (i) Ultra and its predecessors and successors; (ii) the federal government; (iii) legally-recognized Indian Tribes; (iv) any person or entity that owns a working interest in any Pinedale Field well in which Ultra also owns a working interest; and (v) any person who serves as a judge in this civil action and his/her spouse. It is specifically agreed that the Reporting Class is comprised of and limited to those persons and entities listed on Exhibit A hereto.

(Plf. Motion App., Exh. 1 ¶ 1.30.) The Underpayment Class asserts claims against defendant for its alleged underpayment of royalties by allegedly imposing "Costs of Production" on those royalty owners in violation of W.S. § 30-5-304(a), and is defined as follows:

> "Underpayment Class" means all persons and entities whose overriding royalty interest payments on Natural Gas produced by Ultra from the Pinedale Field were based on an overriding royalty interest which (a) was created on or after July 1, 1989 (the effective date of the WRPA's Costs of Production provisions), or any assignment(s) of such overriding royalty interest, and (b) is not subject to an executed written agreement that contains specific language expressly permitting Ultra to deduct Costs of Production when calculating its overriding royalty payments. The Underpayment Class excludes (i) Ultra and its predecessors and successors; (ii) the federal government; (iii)

3

> legally-recognized Indian Tribes; (iv) any person or entity
> that owns a working interest in any Pinedale Field well in
> which Ultra also owns a working interest; and (v) any person
> who serves as a judge in this civil action and his/her spouse.
> It is specifically agreed that the Underpayment Class is
> comprised of and limited to those persons and entities listed
> on Exhibit B hereto. Some members of the Underpayment
> Class own or may have owned overriding royalty interests
> that fall within this definition and other overriding royalty
> interests that do not; such persons and entities are included
> in the Underpayment Class only as to their overriding royalty
> interests that fall within this definition.

(*Id.*, Exh. 1 ¶ 1.47.)[1] Having considered the arguments and authorities presented, I find and conclude that these definitions adequately delineate the parameters of the class and are otherwise appropriate.

Moreover, the settlement is appropriate for class resolution. The Reporting Class and the Underpayment Class both satisfy the prerequisites of Fed.R.Civ.P. 23(a). The classes include more than one hundred people, making joinder of the individual claims impracticable. Plaintiff's claims are typical of the Reporting Class and Underpayment Class members' claims. All other Reporting Class members were subject to defendant's alleged reporting violations, and all other Underpayment Class members were subject to defendant's alleged overriding royalty calculation violations (costs of production deductions). Plaintiff is an adequate class representative and has no conflicts with the Reporting Class or Underpayment Class members, and its counsel have significant experience litigating gas royalty class actions. Finally, there are

---

[1] Because the parties continue to disagree as to whether the Wyoming Royalty Payment Act's "costs of production" provisions apply to overriding royalty interests created before the effective date of the relevant section of the Act, plaintiffs are dismissing without prejudice underpayment claims relating to overriding royalty interested created before July 1, 1989.

numerous issues common to all Reporting Class and Underpayment Class members, including but not limited to (1) whether defendant incorrectly reported or failed to report deductions on the Reporting Class members' overriding royalty check stubs; and (2) whether defendant incorrectly deducted costs of production from the Underpayment Class members' overriding royalty payments. I therefore will certify the Reporting Class and the Underpayment Class for the purposes of effecting the settlement only.

In addition, the proposed classes also satisfy the requirements of Rule 23(b)(3). Questions common to the class predominate in this matter, and treatment of this litigation as a class action is superior to resolution through more than one hundred separate individual lawsuits. In addition, based on their qualifications, past experience, and work on behalf of plaintiff and the putative class to date in this case, plaintiff's counsel is more than qualified to represent the class and satisfies the requirements of Rule 23(g). Plaintiff's counsel therefore will be appointed counsel for the class.

### III. PRELIMINARY APPROVAL OF THE SETTLEMENT

The agreement between the Settlement Classes and defendant appears, on preliminary review, to be fair, reasonable, and adequate. The proposed settlement has been fairly and honestly negotiated. The parties entered into the agreement only after engaging in a meaningful exchange of information, and with full knowledge of the critical factual and legal issues. The agreement is the product of non-collusive, arm's-length bargaining, including the input and assistance of former Judge Richard Dana of the Judicial Arbiter Group in Denver, Colorado, a respected and qualified mediator.

Sufficient disputed questions of law and material fact exist that as to make the outcome of a trial on the merits uncertain. The settlement avoids the time and expense

5

of continuing this litigation for an indeterminate period of time, with attendant risks, costs, and delay for both sides. Moreover, the value of the proposed settlement is reasonable, given the possible outcome of protracted and expensive litigation. Settlement Class members will receive substantial benefits from the settlement agreement. The settlement provides a high level of economic relief and additional future economic benefits to the Settlement Class.[2] Moreover, the agreement provides that any underpayment claims of Reporting Class members who are not also members of the Underpayment Class will be dismissed without prejudice, such that those claims are neither released nor affected.

The parties and their attorneys, who are very experienced in class action royalty underpayment litigation, believe that the settlement is fair and adequate, and recommend that the settlement be preliminarily approved. Defendant also benefits from the agreement through the avoidance of protracted and expensive litigation, the final resolution of disputes with the Settlement Class members, and the promotion of a mutually productive business relationship with the Settlement Class members.

---

[2] As to the Reporting Class, defendant has agreed to (1) pay the Reporting Class $824,000, which class counsel estimate is approximately 82% of the statutory penalties ($100 per check stub per month) plaintiff sought to recover for the Reporting Class due to defendant's alleged reporting violations; and (2) change its overriding royalty reporting practices so that it will fully comply with the WRPA's reporting provisions, including itemization on defendant's overriding royalty payment statements of all deductions or adjustments defendant made when calculating the overriding royalty payment.

As to the Underpayment Class, defendant has agreed to (1) pay the Underpayment Class $3,176,000, which class counsel estimate is approximately 82% of the damages (principal plus 18% statutory interest) plaintiff sought to recover for the Underpayment Class due to defendant's alleged costs of production deductions; and (2) change its overriding royalty calculation methods so that it will fully comply with the WRPA in the future and thereby cease deducting costs of production when calculating the Underpayment Class members' royalty payments.

## IV.  NOTICE

A proposed notice to be mailed to the members of the Settlement Class is attached to plaintiff's motion as Exhibit 2.  The proposed notice adequately informs the Settlement Class members of the following:  (1) the nature of this class action lawsuit; (2) the definitions of the proposed Reporting Class and Underpayment Class; (3) the subject matter of the Settlement Class members' claims; (4) the option to appear through an attorney if the Settlement Class member so desires; (5) the right to be excluded from the Settlement Class on timely request for exclusion; (6) the time and manner for requesting exclusion; (7) the terms of the settlement, including information about the Settlement Class members' right to obtain a copy of the agreement; (8) the right of any Settlement Class member to object to the proposed settlement, and the deadline for any such objections; and (9) the binding effect of the settlement on Settlement Class members who do not elect to be excluded from the Settlement Class.  The Notice is proposed to be mailed to Settlement Class members.

I find and conclude that the form and manner of delivery and publication of the Notice meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Settlement Class members.

## V.  ORDERS

**THEREFORE, IT IS ORDERED**, as follows:

1. That **Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement and Certification of a Settlement Class** [#68], filed June 23, 2010, is

**GRANTED**;

2. That the Reporting Class and Underpayment Class are **CERTIFIED** pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3) for settlement purposes only and are **DEFINED** as set forth in this order;

3. That plaintiff, Lucken Family Partnership, LLLP, is **APPOINTED** class representative for the Reporting Class and Underpayment Class;

4. That plaintiff's counsel are **APPOINTED** class counsel for the Reporting Class and Underpayment Class;

5. That the Settlement Agreement is **APPROVED PRELIMINARILY** as being fair, adequate, and reasonable;

6. That within **seven (7)** calendar days after the date of this order, defendant, Ultra Resources, Inc., **SHALL DEPOSIT** into the Escrow Account established pursuant to the Escrow Agreement, as provided for in paragraph 5.1 of the Settlement Agreement, the Reporting Class Settlement Payment of $824,000 and the Underpayment Class Settlement Payment of $3,176,000;

7. That a required by the Class Action Fairness Act, 28 U.S.C. §1751, defendant **WILL PROVIDE**, in the event it has not done so as of the date of this order, notice of the settlement to the appropriate federal and state officials;

8. That the form and the content of the Settlement Notice, attached to plaintiff's motion as Exhibit 2, is **APPROVED** as reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure;

9. That defendant **SHALL COMPLETE**, to the extent reasonably practicable, the mailing of the Settlement Notice to the Settlement Class members no later than **July 23, 2010**;

10. That the parties **SHALL FILE** motions and memoranda in support of final approval of the settlement, and class counsel shall file their motion for attorney fees, expense reimbursements, and an Incentive Award Payment for plaintiff, on or before **August 20, 2010**;

11. That any member of the Settlement Class who wishes to object to or comment on the proposed class settlement, or to object to class counsel's request for attorney fees, expense reimbursements, and an Incentive Award Payment for plaintiff, **MUST POSTMARK** and **MAIL** such objections or comments on or before **September 3, 2010**; provided, furthermore, that in accordance with the procedures set forth in the Settlement Notice, any such objections or comments must be mailed to lead class counsel, defendant's counsel, and the court;

12. That any member of the Settlement Class who wishes to be excluded from the settlement **MUST POSTMARK** and **MAIL** the exclusion request to lead class counsel and defendant's counsel no later than **September 3, 2010**;

13. That any Settlement Class member who wishes to appear and be heard at the final approval hearing **MUST POSTMARK** and **MAIL** notice of such intention on or before **September 3, 2010**, and notice of such intention must be mailed to lead class counsel, defendant's counsel, and the court;

14. That on or before **September 17, 2010**, class counsel and defendant **MAY FILE** a response to any Settlement Class member's objections or comment, and a copy of such response **SHALL BE MAILED** to all Settlement Class members who have submitted timely objections or comments;

15. That a hearing to consider final approval of the proposed settlement, and class counsel's request for attorney fees, expense reimbursements, and an Incentive Award Payment for plaintiff, **IS SET** for **October 29, 2010**, beginning at **1:30 p.m.**, reserving the remainder of the court day, if necessary; that the purpose of the final fairness hearing will be to determine whether the Settlement Agreement is fair, adequate, and reasonable; whether plaintiff and its attorneys' application for an award of attorney fees, expense reimbursements, and an Incentive Award Payment should be approved; and whether the court should enter a final order and judgment approving the Settlement Agreement, dismissing and releasing claims identified therein with prejudice, and dismissing the remaining claims without prejudice;

16. That the Trial Preparation Conference, currently scheduled for **Friday, July 23, 2010**, at **11:30 a.m.** (MDT), the jury trial, currently scheduled to commence on **Monday, August 9, 2010**, and all pending discovery and case management deadlines in this action, are **VACATED** and **CONTINUED WITHOUT DATE** pending further order of this court; and

17. That **Plaintiff's Motion for Class Certification and Memorandum in Support** [#39], filed December 18, 2009, is **DENIED AS MOOT**.

Dated June 30, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge